**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JB AVIATION, LLC and
JEFFERSON BRAMBLE,

                                Plaintiffs,

           - against -                              **MEMORANDUM &
ORDER**

                                                                                  CV-14-5175 (DRH) (AKT)

R AVIATION CHARTER SERVICES, LLC
and JOHN ROSATTI,

                                Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.     RELEVANT BACKGROUND**

       Plaintiffs JB Aviation, LLC and Jefferson Bramble (collectively, "the Plaintiffs") bring the instant diversity action against Defendants R Aviation Charter Services, LLC and John Rosatti (collectively, "the Defendants") based upon allegations of breach of contract, unjust enrichment, and intentional and / or negligent misrepresentation. *See generally* Complaint ("Compl.") [DE 1]. Plaintiffs also seek imposition of a constructive trust upon the Defendants' interest in the Gulfstream aircraft at issue here as well as restitution. On January 16, 2015, the Court conducted an Initial Conference with the parties. *See* DE 18. In light of the fact that Defendants were moving to dismiss Plaintiffs' Complaint, the Court directed that "[p]aper discovery will go forward. However, based on the briefing of the motion, the Court is holding all depositions in abeyance until the motion is decided." *Id*. ¶ 2.

       Subsequently, on November 12, 2015, Judge Hurley rendered a decision on Defendants' motion to dismiss. *See* DE 26. Specifically, Judge Hurley denied the Defendants' motion with

respect to Plaintiffs' breach of contract and unjust enrichment claims, but granted the motion as to Plaintiffs' claims of misrepresentation. *See id*. Thereafter, on January 6, 2016, this Court held a Status Conference to discuss the discovery remaining and to implement a Final Scheduling Order. *See* DE 29. The Scheduling Order set deadlines of February 29, 2016 for the completion of all fact depositions and March 15, 2016 for all fact discovery. *Id* ¶ 2. The Court also noted that

> Defendants' counsel stated that an issue has arisen concerning the location of defendant John Rosatti. Mr. Rosatti resides in Florida. Since he is a named party in this action, it is expected that his deposition should take place here in the Eastern District. I have directed counsel for both sides to meet and confer to resolve this issue. To the extent they are unable to come to an agreement after fulfilling their obligations under Civil Rule 37.3, then Attorney Schlacter may file an appropriate letter motion seeking Court intervention.

*Id.* ¶ 3. On February 24, 2016, Defendants' filed a letter motion [DE 31] seeking: (1) to preclude Plaintiffs from taking the deposition of Defendant John Rosatti based upon their "failure to request it and/or notice it" in accordance with the Scheduling Order; and (2) in the event the Court permits the deposition to move forward, that it be conducted in Palm Beach County, Florida, Rosatti's place of residence. DE 31 at 3. On February 25, 2016, Plaintiffs submitted a responsive motion [DE 32] in which they seek an extension of the deposition deadline and request that Defendant Rosatti be compelled to appear for his deposition in New York. DE 32 at 3.

## II. DISCUSSION

### A. Extension of Fact Deposition Deadline

#### *1. Applicable Law*

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) ("Under Rule 16(b), a party may obtain a modification of the scheduling order only upon a showing of good cause.") (internal quotation and citation omitted); *In re Adelphia Communications Corp.*, 452 B.R. 484, 491 (S.D.N.Y. 2011); *see also* Fed. R. Civ. P. 6(b)(1) (noting that [w]hen an act may or must be done within a specified period of time, the court may, for good cause, extend the time . . . ."). Good cause means "that the schedule cannot reasonably be met despite that party's diligence. *Julian v. Equifax Check Servs., Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998); *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 446–47 (W.D.N.Y. 1997); *Robinson v. Town of Colonie*, No. 91–CV–1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993). Thus, whether good cause exists "turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation and citations omitted); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.") (internal citations omitted); *accord* Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment ("[T]he court may modify the schedule upon a showing of good cause if it cannot be met despite the diligence of the party seeking the extension."); *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014). Further, Counsel's inadvertence or oversight is not good cause for purposes of Rule 16. *See Bracy v. State of New York, et al.*, No. 98 CV 3308, 2001 WL 1550666, at *1 (S.D.N.Y. Nov. 28, 2001); *Multi-Juice, S.A. v. Snapple Beverage Corp.*, No.

02CIV4635, 2005 WL 1138470, at *2 (S.D.N.Y. May 12, 2005) (recognizing that "attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order"); *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) (same).

### *2. Application to the Current Facts*

Defendants assert that any extension of the Court's February 29, 2016 fact depositon deadline would be inappropriate in light of the fact that at no point "prior to February 17, 2016, did [Plaintiffs' counsel] request proposed dates for Mr. Rosatti's deposition, or serve a Notice for Mr. Rosatti's deposition." DE 31 at 1. Further, Defendants state that the February 17, 2016 Notice set forth a date and location for Rosatti's deposition of "March 29, 2016 in New York—a full month after the February 29, 2016 deadline set forth in [the Court's] Scheduling Order." *Id*. As such, Defendants claim that "plaintiffs' Notice for Mr. Rosatti's deposition is both untimely and in violation of this Court's Scheduling Order" and thus Plaintiffs "should [ ] be precluded from taking Mr. Rosatti's deposition." *Id*.

In response, Plaintiffs state that after "receiving Defendant's Answer and Notice of Deposition [for Plaintiff Jefferson Bramble] . . . [Plaintiffs'counsel] conveyed to [Defendants' counsel] that our office had every intention of deposing Defendant once Plaintiffs' deposition concluded." DE 32 at 1. In addition, despite the fact that "Jefferson Bramble['s] [deposition] was initially scheduled for February 2, 2016, allowing ample time to confer and agree on a date for the Defendant's deposition, opposing counsel requested an adjournment on January 26, 2016 . . . [and the] undersigned agreed to this adjournment[.]" *Id*. As such, "Mr. Bramble's deposition was rescheduled to February 18, 2016." *Id*. Plaintiff's counsel asserts that notwithstanding this scheduling change regarding Bramble's deposition, it was Plaintiff's

4

counsel's "understanding that opposing counsel would produce their client within the time provided in [the Court's] Scheduling Order, without the need for service of a formal notice upon completion of the Plaintiff's deposition." *Id*. After learning that "Defendant refuse[d] to appear in New York for his deposition" Plaintiffs' counsel "filed a formal Notice of Deposition on February 18, 2016." *Id.* Further, in light of the fact that "a party must be afforded reasonable notice for [ ] his deposition . . . Defendant's deposition was noticed for March 29, 2016, the first available date affording the Defendant reasonable notice." *Id*. at 2. Plaintiffs claim that "the inability to conduct Defendant's deposition by [the] February 29, 2016 deadline [was] neither willful nor contumacious, and certainly would not prejudice the Defendant [and that] [a]ny inconvenience this delay may have caused was entirely unintentional." *Id*.

As stated above, a scheduling order will only be modified where the moving party has shown that good cause exists. *see Kassner*, 496 F.3d at 243. Likewise, "good cause" is generally measured by the diligence of the movant. *See Holmes*, 568 F.3d at 335. Thus, attorney neglect, carelessness or oversight will generally not provide sufficient grounds to satisfy the good cause standard. *Lamothe*, 2011 WL 4974804, at *7; *but see Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 347 (E.D.N.Y. 2013) ("Good cause requires a showing that the delay stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.") (internal quotation and citation omitted).

As an initial matter, although Plaintiffs claim that "the inability to conduct Defendant's deposition by [the] February 29, 2016 deadline [was] neither willful nor contumacious, and certainly would not prejudice the Defendant [and that] [a]ny inconvenience this delay may have caused was entirely unintentional," DE 32 at 2, they have neither explicitly set forth the good

5

cause standard nor explained to the Court the requisite diligence undertaken by counsel in order to establish that an extension to the Scheduling Order is warranted under these circumstances.

With regard to whether Plaintiffs have established the requisite diligence to warrant a modification to the Scheduling Order, the Court points out that "[a] party who wants to depose a person by oral questions *must give reasonable written notice* to every other party." Fed. R. Civ. P. 30(b)(1) (emphasis added); *see Pegoraro v. Marrero*, No. 10 CIV. 00051, 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012). "Neither the Federal Rules of Civil Procedure nor the Rules of this Court require any specific minimum notice period; all that is required is that the notice be reasonable under the circumstances." *Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001); *Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 09-CV-874, 2011 WL 1930682, at *2 (E.D.N.Y. May 19, 2011), *aff'd*, 472 F. App'x 73 (2d Cir. 2012); *see also Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989). Courts addressing what constitutes "reasonable notice" have generally determined that 14 days is presumptively reasonable. *See Gabriel v. Albany Coll. of Pharmacy & Health Scis. - Vermont Campus*, No. 2:12-CV-14, 2014 WL 3378629, at *4 (D. Vt. July 10, 2014); *Brown v. Hendler*, No. 09 CIV. 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011); *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69 .120.35.31,* No. MISC 08–347, 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases). In addition, although Rule 29 provides that "the parties may stipulate that [ ] a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified," Fed. R. Civ. P. 29, no such stipulation existed in the present case that could have displaced or substituted as the written notice requirement under Rule 30. As such, although Plaintiffs' counsel ostensibly seeks to rationalize the initial failure to properly notice Defendant Rosatti's deposition based on the

6

"understanding that opposing counsel would produce their client within the time provided in [the Court's] Scheduling Order, without the need for service of a formal notice upon completion of the Plaintiff's deposition," such a position is a risky one in light of the lack of a Rule 29 stipulation and the directive in Rule 30 that "reasonable written notice" must be provided to all other parties. Fed. R. Civ. P. 30(a)(1). As such, counsel proceeded at his own risk in relying on a purported "understanding" with opposing counsel concerning Defendant Rosatti's deposition. On first review, without more here, Plaintiff's action (or inaction) does not illustrate the diligence needed to modify a the Scheduling Order. Moreover, although it may have been counsel's choice to conduct Rosatti's deposition "once Plaintiff's deposition concluded," *see* DE 32 at 1, there is no rule of discovery priority under the Federal Rules. *Arneauld v. Pentair, Inc.*, No. CV-11-3891, 2012 WL 5932956, at *10 (E.D.N.Y. Nov. 26, 2012); *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, No. CV 06–1045, 2007 WL 2743679, at *1 (E.D.N.Y. Sept. 18, 2007) ("[U]nder the Federal Rules there is no rule of discovery priority."). Thus, the fact that Plaintiff Bramble's deposition was ultimately adjourned from February 2, 2016 to February 18, 2016 is not a justification to delay notice regarding the scheduling of Defendant Rosatti's deposition. Had counsel acted in a more diligent fashion, it is conceivable that Rosatti's deposition could have been completed during the month of February 2016, thus obviating the need for Court intervention at this juncture.

Notwithstanding counsel's delay in noticing Rosatti's deposition, "Discovery is not a matter of gamesmanship nor conducted like a game of chess." *Phelan v. Cambell*, No. 9:10-CV-540, 2012 WL 407161, at *2 (N.D.N.Y. Jan. 19, 2012), *report and recommendation adopted*, 2012 WL 407147 (N.D.N.Y. Feb. 8, 2012), *aff'd*, 507 F. App'x 14 (2d Cir. 2013). Rather, the over-arching purpose of the discovery rules is to "encourage the disclosure of information and

7

materials to avoid unnecessary surprise and to level the playing field" for both parties to the litigation. *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01CV1974, 2006 WL 5097357, at *8 (N.D.N.Y. Nov. 13, 2006) *order clarified*, 2007 WL 4324094 (N.D.N.Y. May 16, 2007), *aff'd sub nom.*, *Cornell Univ. v. Hewlett-Packard Co.*, 2007 WL 4302778 (N.D.N.Y. July 23, 2007) ("The court has consistently reminded the parties that one of its goals, in carrying out its discovery oversight responsibilities, has been to ensure a level playing field for both sides.").

In the instant case, Rosatti is a named Defendant and Plaintiffs should have the opportunity to take his deposition. Moreover, the fact that Rosatti would likely be a primary witness for deposition by the Plaintiffs comes as no surprise to the Defendants. Notwithstanding the misplaced reliance of Plaintiff's counsel on some purported "understanding" with opposing counsel — as well as counsel's failure to serve proper written notice pursuant to Rule 30, the Court finds that in order to ensure a level playing field, an extension of the fact deposition deadline should be granted here solely to permit Plaintiffs to conduct Rosatti's deposition.

**B. Location of Defendant Rosatti's Deposition**

Having deteremined that Rosatti's deposition should proceed, the Court turns its attention to whether Rosatti should be deposed in his state of residence or, rather, in the Eastern District of New York, the forum of the instant litigation.

*1. Applicable Law*

As provided in the Federal Rules of Civil Procedure, the Court has the discretion to designate the location for depositions. Fed. R. Civ. P. 26; *see R.P. Family, Inc. v. Commonwealth Land Title Ins. Co.*, Nos. 10 CV 1149, 10 CV 1727, 2011 WL 6020154, at *1 (E.D.N.Y. Nov. 30, 2011); *Sugerhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y.

1985); *Finkelstein v. Secs. Indus. Automation Corp.*, No. 05 CV 5195, 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006). Notwithstanding such discretion, "[t]here is a general presumption that a non-resident defendant's deposition will be held where he or she resides or works. *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997); *see Mill–Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989); *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("The deposition of a non-resident defendant, however, is generally conducted at the defendant's place of residence."). "Underlying this rule is the concept that the plaintiff initially chose the forum while the defendant is not before the court by choice." *Sloniger v. Deja*, No. 09CV858S, 2010 WL 5343184, at *4 (W.D.N.Y. Dec. 20, 2010). However, "[b]ecause courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decisional rule that facilitates determination when other relevant factors do not favor one side over the other." *Mill–Run Tours,* 124 F.R.D. at 550; *see also Zurich Insur. Co. v. Essex Crane Rental Corp.*, No. 90 Civ. 2263, 1991 WL 12133, at *2 (S.D.N.Y. Jan. 29, 1991) ("the presumption is not a strong one and operates primarily when other factors do not favor any particular site for depositions"). Further, courts generally only apply this presumption "where the defendant resides outside the forum." *Buzzeo*, 178 F.R.D. at 392-93 *See, e.g.*, *Snow Becker Krauss, P.C. v. Proyectos E Instalaciones De Desalacion, S.A.*, No. 92 CIV 2644, 1992 WL 395598, at * 3 (S.D.N.Y. Dec. 11, 1992) (ordering depositions to be conducted at defendants' principal place of business in Spain, rather than at plaintiff's offices in New York); *Gulf Union Ins. Co. v. M/V Lacerta*, No. 91 Civ. 2814, 1992 WL 51532, at * 5 (Mar. 9, 1992) (directing that depositions to be conducted at defendant's principal place of business in Malta); *Brown v. Van Nostrand Reinhold*, No. 89 CIV 7309, 1990 WL 129183, at * 2 (S.D.N.Y. Aug. 30, 1990) (ordering depositions to be conducted at

defendant's principal place of business in New York City, rather than at the offices of plaintiff's attorneys in Melville, New York); *Citizens Capital Corporation v. RMI Refinery*, No. 83 Civ. 9273, 1987 WL 7939, at *1 (S.D.N.Y. Mar. 13, 1987) (depositions conducted at defendant's principal place of business in Rhode Island, rather than at the office of the plaintiff's attorney in New York).

In analyzing whether a defendant's deposition should be conducted at his place of residence or within the forum of the litigation, courts consider three factors: cost, convenience and litigation efficiency. *See Trustees of Local 813 Ins. Trust Fund v. Indus. Recycling Sys., Inc.*, No. 12-CV-1522, 2013 WL 6178579, at *1 (E.D.N.Y. Nov. 25, 2013); *Sloniger*, 2010 WL 5343184, at *4; *see also Realuyo v. Diaz*, No. 98CIV7684, 2000 WL 687585, at *1 (S.D.N.Y. May 26, 2000) (noting that presumption that defendant be deposed at his place of residence can be rebutted "if the plaintiff was constrained in choosing the forum of the litigation, or if cost, convenience, and litigation efficiency dictate otherwise"); *Robert Smalls Inc. v. Hamilton*, No. 09 CIV. 7171, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) ("A plaintiff may overcome the presumption [that defendant be deposed at his place of residence] by showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location.") (internal citation omitted). No one factor is dispositive. Instead, courts engage in a balancing test to ultimately determine which forum is most appropriate given the unique set of factual circumstances at issue. *See Sloniger*, 2010 WL 5343184, at *4 (balancing factors of cost, convenience and litigation efficiency and ultimately concluding that since "the three factors do not decisively favor either side . . . the deposition of [defendant] . . . shall be in [defendant's place of residence]."); *Robert Smalls Inc.*, No. 09 CIV. 7171, 2010 WL 2541177, at *1

(balancing three factors, determining that they "do not favor either side" and finding that "Defendants should be deposed in the district where they live").

## 2. Application to the Facts

### a. Cost

With respect to cost, Defendants assert that "neither party has the stronger argument" since "the additional cost to either party . . . would be a single plane ticket." DE 31 at 2. Specifically, Defendants maintain that in the event the deposition is held in Florida "the only extra cost for plaintiffs would be for their counsel to purchase a[n] [airline] ticket." *Id*. at 2-3. Likewise, "[i]f the deposition occurs in New York, the cost to Mr. Rosatti would [ ] be a plane ticket." *Id*. at 3.[1] In addition, Defendants state that "plaintiffs have not claimed any financial hardship for having to pay for their attorney to travel to Florida to take Mr. Rosatti's deposition." *Id*.

In response, Plaintiffs point out that the cost factor is viewed from two perspectives, namely, "the impact that the choice of site has on total costs and the relative ability of the parties to bear the expenses." DE 32 at 3 (quoting *Dwyer v. Deutsche Lufthansa, AG*, No. CV-04-3184, 2007 WL 526606, at *2 (E.D.N.Y. Feb. 13, 2007)). Specifically, Plaintiffs assert that "Defendant is a multi-millionare" while Plaintiff "Jefferson Bramble is a small business owner with limited resources" and thus "Defendant is in a far superior financial position to bear the expenses associated with travel." DE 32 at 3.

Plaintiffs are correct that "cost" is analyzed from both a total cost perspective as well as the "relative ability of the parties to bear expenses." *Dwyer*, 2007 WL 526606, at *2; *see Devlin*

---

[1] Defendants have stated that Rosatti has local counsel in Florida "who is fully apprised of this action and who would be representing [him] at the deposition" and thus would not need to incur the additional expense of traveling his New York counsel to Florida in the event that the deposition is held in Palm Beach, Florida. DE 31 at 3.

*v. Trans. Comm. Int'l Union*, No. 95-CV-742, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000). Although Plaintiffs' submission makes broad assertions concerning the overall financial ability of Defendants as compared to Plaintiffs, the motion does not contain any evidence illustrating an *actual* financial hardship that would otherwise preclude Plaintiffs from absorbing the cost of their counsel traveling to Palm Beach, Florida. In addition, although Plaintiffs highlight the high net worth of Defendants, *see* DE 32 at 3, such facts, standing alone, are insufficient to overcome the general presumption with respect to cost. *See Dwyer*, 2007 WL 526606, at *2 (finding "no justification for the cost factor to overcome the general presumption" where despite defendant's ability to absorb travel costs, plaintiff failed to affirmatively demonstrate a lack of travel resources or other financial hardship).

### b. Convenience

With regard to convenience, Defendants state that "this factor clearly weighs in Mr. Rosatti's favor" since he "runs several businesses from his office in Florida and requiring him to travel to New York would cause more disruption to his work. . . ." DE 31 at 3. Further, Defendants reiterate that they did not "choose this forum" and that "there are no relevant connections to New York . . . which would weigh in the convenience factor in plaintiffs' favor." *Id*. In response, Plaintiffs assert that this factor weighs in their favor since New York is "where all of the attorneys are located," where "Plaintiffs' counsel's copies of the voluminous documents are located," and where "the Court is located." DE 32 at 3.

Although each party has made assertions to the effect that this factor weighs in their favor, neither has submitted evidence to the Court concerning any hardship to counsel or the extent to which the witness' affairs may be disrupted. As such, despite these assertions, and recognizing that it is Plaintiffs' affirmative burden to come forward with evidence establishing

that each of the three factors weigh against applying the presumption, *see Arneauld v. Pentair, Inc.*, No. CV-11-3891, 2012 WL 5932956, at *10 (E.D.N.Y. Nov. 26, 2012), the Court finds that this factor is neutral in light of Plaintiffs' lack of a sufficient evidentiary proffer. *See also Devlin*, 2000 WL 28173, at *3 (noting that factors relevant to convenience include "hardship to counsel, the residence of the deponents, and the extent to which the witness' affairs might be disrupted").

### c. Litigation Efficiency

With regard to litigation efficiency, Defendant states that "plaintiffs have not alleged . . . that this litigation would be more efficient if the deposition of Mr. Rosatti were held in New York rather than in Florida" and that in any event, "this is not a complex case." DE 31 at 3. In response, Plaintiffs posit the same arguments that they set forth in support of the convenience factor. *See* DE 32 at 3.

Although Plaintiffs rely heavily upon the fact that the attorneys, the documents and the Court are all located in New York, none of these factors are unqiue or otherwise illustrate a particular circumstance that would persuade the Court that this factor weighs in Plaintiffs' favor. Indeed, at the time Plaintiffs filed their Complaint in this forum, they were well aware that Defendant Rosatti resided in Palm Beach, Florida. *See* DE 3 (Summons issued to Defendants). Thus, Plaintiffs cannot now be heard to complain that after filing suit in this district and having had knowledge of Defendant Rosatti's residence outside the district that ordinary factors such as location of counsel or documents — issues involved in all cases — should outweigh the presumption that "[t]he deposition of a non-resident defendant [ ] is generally conducted at the defendant's place of residence." *Buzzeo*, 178 F.R.D. at 392. In addition, in the event the parties require Court intervention during the deposition, "any disputes which could arise could [] be

13

handled through a telephone conference call." *Dwyer*, 2007 WL 526606, at *3; *see Arneauld*, 2012 WL 5932956, at *11 (noting that "any discovery disputes arising during [the] deposition can be resolved by the Court via a telephone conference and thus, the situs of the deposition has no affect on litigation efficiency"). As such, this factor is neutral.

After analyzing the above factors and in light of "[t]he usual rule . . . in federal litigation, [ ] that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located," *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (S.D.N.Y. 2011) (quoting *In re Fosamax Prods. Liab. Litig.*, No. 1:06–MD–1789, 2009 WL 539858, at *1 (S.D.N.Y. Mar. 4, 2009)), the Court determines that Defendant Rosatti's deposition shall take place in Palm Beach, Florida.

### III. CONCLUSION

Based on the foregoing discussion, Defendants' motion [DE 31] to preclude the deposition of Defendant Rosatti or alternatively to hold Rosatti's deposition in Florida is DENIED, in part, and GRANTED, in part and Plaintiffs' motion [DE 32] to extend the deposition deadline and to compel Defendant Rosatti to present himself for deposition in New York is GRANTED, in part, and DENIED, in part, in accordance with the foregoing Memorandum and Order. In addition, the Court directs that Defendant Rosatti's deposition be completed by September 15, 2016. Further, this examination is hereby designated a Court ordered deposition and shall not be canceled or adjourned without first seeking approval from the Court.

In light of the Court's decision, the Final Scheduling Order is amended as follows:

- All fact depositions completed by:                         September 15, 2016
- All discovery ends on:                                          September 30, 2016

- Any letter request for a pre-motion conference
  to Judge Hurley for purposes of making a
  summary judgment motion must be filed by:     October 14, 2016

- Proposed Joint Pre-Trial Order must be
  filed on ECF by:     January 16, 2017

- Pre-Trial Conference will be held on:     January 24, 2017 at 11:00 AM

If the parties decide not to proceed with requests for summary judgment motion practice, they must notify the Court in writing by September 30, 2016, at which time the schedule will be amended.

**SO ORDERED.**

Dated: Central Islip, New York
       August 23, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge